IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------x
JACK ROGERS, PAUL PINELLA and           :
MARTHA KRISTIAN                          :     Civil Action No. 07-218
                                         :
                     Plaintiffs,         :
                                         :
                                         :
          v.                             :
                                         :
                                         :
COMCAST CORPORATION, COMCAST             :
HOLDINGS CORPORATION, COMCAST            :
CABLE COMMUNICATIONS, INC.,              :
COMCAST CABLE HOLDINGS, LLC, and         :
COMCAST MO GROUP, INC.                   :
                                         :
                     Defendants.         :
-----------------------------------------------------------x
JACK ROGERS AND PAUL PINELLA             :
                                         :
                     Plaintiffs,         :     Civil Action No. 07-219
                                         :
                                         :
          v.                             :
                                         :
                                         :
COMCAST CORPORATION, and                 :
AT&T BROADBAND                           :
                                         :
                     Defendants.         :
-----------------------------------------------------------x
```

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable

Communications, Inc., Comcast Cable Holdings, LLC, Comcast MO Group, Inc., and

AT&T Broadband (collectively, "Comcast" or the "Defendants"), by their undersigned

counsel, as and for their answer to Plaintiffs' Consolidated Amended Class Action

Complaint for Violations of the Sherman Antitrust Act and the Massachusetts Antitrust Act and Jury Demand (the "Complaint"), respond as follows:

## ANSWER

### INTRODUCTION

1.      Deny the allegations contained in paragraph 1 of the Complaint.

2.      Deny the allegations contained in paragraph 2 of the Complaint.

3.      Deny the allegations contained in paragraph 3 of the Complaint.

4.      Deny the allegations contained in paragraph 4 of the Complaint, except admit that Comcast and AT&T entered into a merger transaction and refer to the written agreement or agreements reflecting that transaction for the complete and accurate contents thereof.

5.      Deny the allegations contained in paragraph 5 of the Complaint.

6.      Deny the allegations contained in paragraph 6 of the Complaint.

7.      Deny the allegations contained in paragraph 7 of the Complaint, and refer to the Complaint for the claims asserted and relief requested in this action.

### AS TO THE NATURE OF THE ACTION

8.      Deny the allegations contained in paragraph 8 of the Complaint, except admit that Plaintiffs purport to bring an action under Sections 1 and 2 of the Sherman Act and Sections 4 and 5 of the Massachusetts Antitrust Act.

9.      Deny the allegations contained in paragraph 9 of the Complaint.

10.      Deny the allegations contained in paragraph 10 of the Complaint.

11.      Deny the allegations contained in paragraph 11 of the Complaint.

12.     Deny the allegations contained in paragraph 12 of the Complaint.

13.     Deny the allegations contained in paragraph 13 of the Complaint.

14.     Deny the allegations contained in paragraph 14 of the Complaint.

## AS TO THE PARTIES

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit that Plaintiff Martha Kristian was a subscriber of services provided by Comcast for certain time periods.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except admit that Plaintiff Jack Rogers was a subscriber of services provided by Comcast for certain time periods.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admit that Plaintiff Paul Pinella was a subscriber of services provided by Comcast for certain time periods.

18.     Deny the allegations contained in paragraph 18 of the Complaint except admit that (i) Defendant Comcast Corporation, formerly known as AT&T Comcast Corp., is a Pennsylvania corporation with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102 and (ii) Comcast Corporation was formed through a merger with AT&T on November 18, 2002, and refer to the corresponding written agreement or agreements for the complete and accurate contents thereof and state that to the extent paragraph 18 of the Complaint consists of Plaintiffs' legal conclusions, no response is required.

19.     Admit the allegations contained in paragraph 19 of the Complaint.

20.     Admit the allegations contained in paragraph 20 of the Complaint.

21.     Admit the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Admit the allegations contained in paragraph 23 of the Complaint.

24.     Paragraph 24 merely defines the term "Comcast" for purposes of the Complaint and does not require a response.

25.     Deny the allegations contained in paragraph 25 of the Complaint, except admit that at the time of the merger with AT&T, Comcast was, in terms of number of subscribers, the third largest multiple system cable operator in the United States and AT&T was the largest multiple system cable operator in the United States and that Comcast is currently the largest broadband cable provider in the United States, serving over twenty-one million cable subscribers.

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

27.     Paragraph 27 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

## AS TO JURISDICTION AND VENUE

28.     Deny the allegations contained in paragraph 28 of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to the statutory provisions cited therein.

29.     Paragraph 29 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

30.     Paragraph 30 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

## AS TO THE CLASS ALLEGATIONS

31.     Deny the allegations contained in paragraph 31 of the Complaint, except admit that Plaintiffs purport to define the terms "Basic cable services," and "Comcast's Boston cluster," for use throughout the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the members of the Classes.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admit that Comcast's 2005 Annual Report estimates that the number of cable subscribers in Comcast's Boston markets is 1 million and state that to the extent paragraph 32 of the Complaint consists of Plaintiffs' legal conclusions, no response is required.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Paragraph 34 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

35.    Paragraph 35 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

36.    Paragraph 36 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

37.    Paragraph 37 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

## AS TO THE GENERAL ALLEGATIONS

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admit that Congress passed the Cable Television Consumer Protection Act of 1992 and refer to such legislation for the complete and accurate contents thereof.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, except admit that Congress passed the Telecommunications Act of 1996 and refer to such legislation for the complete and accurate contents thereof.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except admit that Congress passed the Telecommunications Act of 1996 and refer to such legislation for the complete and accurate contents thereof, and state that to the extent paragraph 40 of the Complaint consists of Plaintiffs' legal conclusions, no response is required.

41.     Deny the allegations contained in paragraph 41 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning cable companies other than Comcast.

42.     Deny the allegations contained in paragraph 42 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning cable companies other than Comcast.

43.     Deny the allegations contained in paragraph 43 of the Complaint, except admit that Plaintiffs purport to refer to a 2002 report issued by the Federal Communications Commission (the "FCC") as well as a 1995 report and refer to such reports for the complete and accurate contents thereof.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint, except admit that Plaintiffs purport to refer to reports issued by the General Accounting Office (the "GAO") in October 2002, October 2003 and February 2004, respectively, and refer to such reports for the complete and accurate contents thereof.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, except admit that Plaintiffs purport to refer to reports issued by the FCC in 2001 and 2002, respectively, and refer to such reports for the complete and accurate contents thereof.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except admit that Plaintiffs purport to refer to a report issued by the FCC in 2002 and two reports issued by the GAO

in 2002 and 2003, respectively, and refer to such reports for the complete and accurate contents thereof.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, except admit that Plaintiffs purport to refer to a report issued by the FCC in 2004 and refer to such report for the complete and accurate contents thereof.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    Deny the allegations contained in paragraph 50 of the Complaint.

51.    Deny the allegations contained in paragraph 51 of the Complaint.

52.    Deny the allegations contained in paragraph 52 of the Complaint, except admit that AT&T Corp. entered into a transaction with Meteor Acquisition Inc. and MediaOne Group, Inc. on or about May 6, 1999, and refer to the corresponding agreement or agreements for the complete and accurate contents thereof.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

54.    Deny the allegations contained in paragraph 54 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning individuals and entities in the cable industry other than Comcast.

55.    Deny the allegations contained in paragraph 55 of the Complaint, except (i) admit that AT&T Broadband & Internet Services entered into a non-binding letter of intent with Charter Communications, Inc. on or about December 1, 1999 and refer to the corresponding agreement for the complete and accurate contents thereof; (ii) admit that AT&T Broadband, LLC entered into several transactions with Charter Communications, Inc. on or about February 26, 2001 and refer to the corresponding agreement or

agreements for the complete and accurate contents thereof; and (iii) admit that AT&T Corp. entered into a transaction with CSC Holdings, Inc., Cablevision of Brookline, L.P., and Cablevision of Boston, Inc. on or about April 18, 2000 and refer to the corresponding agreement or agreements for the complete and accurate contents thereof.

56.    Deny the allegations contained in paragraph 56 of the Complaint, except (i) admit that AT&T Corp. entered into a transaction with Meteor Acquisition Inc. and MediaOne Group, Inc. on or about May 6, 1999, and refer to the corresponding agreement or agreements for the complete and accurate contents thereof; (ii) admit that AT&T Corp. entered into a transaction with CSC Holdings, Inc., Cablevision of Brookline, L.P., and Cablevision of Boston, Inc. on or about April 18, 2000 and refer to the corresponding agreement or agreements for the complete and accurate contents thereof; and (iii) admit that Plaintiffs purport to refer to a July 12, 2000 article in the Boston Globe and refer to such article for the complete and accurate contents thereof.

57.    Deny the allegations contained in paragraph 57 of the Complaint, except admit that Comcast entered into a transaction with AT&T Corp. on or about December 19, 2001, and refer to the corresponding agreement or agreements for the complete and accurate contents thereof.

58.    Paragraph 58 states a legal conclusion to which no response is required. To the extent any of the averments of this paragraph may be deemed to require a response, each such averment is denied.

59.    Admit the allegations contained in paragraph 59 of the Complaint that Comcast Corporation was formed through a merger with AT&T on November 18, 2002, and refer to the corresponding agreement or agreements for the complete and accurate

contents thereof, except state that to the extent paragraph 59 of the Complaint consists of Plaintiffs' legal conclusions, no response is required.

      60.     Deny the allegations contained in paragraph 60 of the Complaint.

      61.     Deny the allegations contained in paragraph 61 of the Complaint.

      62.     Deny the allegations contained in paragraph 62 of the Complaint.

      63.     Deny the allegations contained in paragraph 63 of the Complaint.

      64.     Deny the allegations contained in paragraph 64 of the Complaint and refer to the agreements referred to for the complete and accurate contents thereof.

      65.     Deny the allegations contained in paragraph 65 of the Complaint.

      66.     Deny the allegations contained in paragraph 66 of the Complaint.

      67.     Deny the allegations contained in paragraph 67 of the Complaint.

## AS TO THE VIOLATIONS ALLEGED

## AS TO COUNT I

      68.     With respect to paragraph 68, repeat their responses to paragraphs 1 to 67 of the Complaint, as if set forth fully herein.

      69.     Deny the allegations contained in paragraph 69 of the Complaint.

      70.     Deny the allegations contained in paragraph 70 of the Complaint.

      71.     Deny the allegations contained in paragraph 71 of the Complaint.

      72.     Deny the allegations contained in paragraph 72 of the Complaint.

      73.     Deny the allegations contained in paragraph 73 of the Complaint.

      74.     Deny the allegations contained in paragraph 74 of the Complaint.

## AS TO COUNT II

75.     With respect to paragraph 75, repeat their responses to paragraphs 1 to 74 of the Complaint, as if set forth fully herein.

76.     Deny the allegations contained in paragraph 76 of the Complaint.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny the allegations contained in paragraph 80 of the Complaint.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Deny the allegations contained in paragraph 82 of the Complaint, except admit that Plaintiffs purport to set forth examples of alleged anticompetitive conduct and refer to the Complaint for the claims asserted

83.     Deny the allegations contained in paragraph 83 of the Complaint.

84.     Deny the allegations contained in paragraph 84 of the Complaint, except admit that (i) Comcast reported in 2005 that it owned a non-controlling interest in New England Cable News ("NECN"), a cable news network providing news, weather, business and sports coverage, and serving over 2.7 million households in more than 850 communities throughout New England, and refer to the advertising materials referred to therein for the complete and accurate contents thereof and (ii) NECN advertised that it was only available through wire line cable providers as opposed to DBS providers.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

86.     Deny the allegations contained in paragraph 86 of the Complaint, except admit that (i) Comcast made certain promotional offers to customers, including customers

who Comcast believed were subscribers to other wire line cable providers located in the purported Boston cluster, and refer to the corresponding promotional materials for the complete and accurate contents thereof and (ii) promotional offers were provided to certain of its own subscribers and certain members of the public in general.

87.    Deny the allegations contained in paragraph 87 of the Complaint, except admit that (i) Comcast personnel were authorized to make certain promotional offers to customers who contacted Comcast in order to switch their cable services to a competitor cable company and refer to the corresponding promotional materials for the complete and accurate contents thereof and (ii) these promotional offers were provided to certain of its own subscribers and certain members of the public in general.

88.    Deny the allegations contained in paragraph 88 of the Complaint, except admit that Comcast made certain promotional offers to customers in Braintree, Massachusetts and refer to the corresponding promotional materials for the complete and accurate contents thereof.

89.    Deny the allegations contained in paragraph 89 of the Complaint, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning BELD's entry into the cable market in Braintree, Massachusetts, BELD's market share and/or BELD's alleged complaints to authorities in Massachusetts; and admit that Comcast made certain promotional offers to customers in Braintree, Massachusetts and refer to the corresponding promotional materials for the complete and accurate contents thereof and these promotional offers were provided to certain of its own subscribers and certain members of the public in general.

90.     Deny the allegations contained in paragraph 90 of the Complaint, except admit that Comcast made certain promotional offers to customers in Burlington, Waltham, and Dedham, Massachusetts and refer to the corresponding promotional materials for the complete and accurate contents thereof and these promotional offers were provided to certain of its own subscribers and certain members of the public in general.

91.     Deny the allegations contained in paragraph 91 of the Complaint.

92.     Deny the allegations contained in paragraph 92 of the Complaint.

93.     Deny the allegations contained in paragraph 93 of the Complaint.

94.     Deny the allegations contained in paragraph 94 of the Complaint.

95.     Deny the allegations contained in paragraph 95 of the Complaint.

96.     Deny the allegations contained in paragraph 96 of the Complaint.

97.     Deny the allegations contained in paragraph 97 of the Complaint.

98.     Deny the allegations contained in paragraph 98 of the Complaint.

99.     Deny the allegations contained in paragraph 99 of the Complaint and, by way of further answer, aver that, while it does not have monopoly power, Comcast's success has been driven in part by superior products, business acumen and/or historical circumstances.

100.    Deny the allegations contained in paragraph 100 of the Complaint and, by way of further answer, aver that the transactions described in the Complaint had pro-competitive business justifications.

101.    Deny the allegations contained in paragraph 101 of the Complaint.

102.    Deny the allegations contained in paragraph 102 of the Complaint.

## AS TO COUNT THREE

103.   With respect to paragraph 103, repeat their responses to paragraphs 1 to 102 of the Complaint, as if set forth fully herein.

104.   Deny the allegations contained in paragraph 104 of the Complaint.

105.   Deny the allegations contained in paragraph 105 of the Complaint.

106.   Deny the allegations contained in paragraph 106 of the Complaint.

107.   Deny the allegations contained in paragraph 107 of the Complaint.

## AFFIRMATIVE DEFENSES

By asserting the following Affirmative Defenses, Comcast does not assume any burdens that are not otherwise ascribed to it under applicable law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the relevant statutes of limitations, statutes of repose, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because such claims are not cognizable under the Sherman Act or the Massachusetts Antitrust Act and instead must be pursued under Section 7 of the Clayton Act, 15 U.S.C. § 18.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot as a matter of law establish that the transactions alleged in the Complaint were per se violations of the Sherman Act or the Massachusetts Antitrust Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring claims for antitrust violations because, among other reasons, they have failed to plead facts showing a direct causal connection between the challenged conduct and their alleged injury and because Plaintiffs have not suffered antitrust injury.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to define a proper geographic and/or product market for their claims.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there has been no injury to competition either in fact or as alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct complained of was lawful, justified, constitutes bona fide business competition, is pro-competitive, and was carried out in furtherance of legitimate business interests.

### TENTH AFFIRMATIVE DEFENSE

At all times relevant, Comcast acted in good faith and without knowledge of any wrongful acts or intents.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the transactions alleged in the Complaint were approved by various governmental authorities, including the DOJ, FCC, and the local regulatory authorities.

### TWELFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs as alleged in the Complaint are solely and proximately caused by the operation of external economic factors and/or forces in the marketplace over which Comcast had no control, and not by any act or omission attributable to Comcast.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take appropriate and necessary steps to mitigate damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages are speculative, cannot be ascertained with reasonable certainty, and are incapable of proof.

## FIFTEENTH AFFIRMATIVE DEFENSE

Comcast hereby gives notice that it intends to rely upon any other affirmative defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

Dated:  August 15, 2007

By   _/s/ Darryl J. May_____
      Darryl J. May
      Jason Leckerman
      BALLARD SPAHR ANDREWS &
      INGERSOLL LLP
      1735 Market Street, 51st Floor
      Philadelphia, PA 19103-7599
      Telephone:    (215) 665-8500
      Facsimile:    (215) 864-8999

      Attorneys for Defendants Comcast
      Corporation, Comcast Holdings
      Corporation, Comcast Cable
      Communications, Inc., Comcast Cable
      Holdings, LLC, Comcast MO Group, Inc.,
      and AT&T Broadband

OF COUNSEL

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

    Michael S. Shuster
    Sheron Korpus
    1633 Broadway
    New York, New York  10019
    Telephone:    (212) 506-1700
    Facsimile:    (212) 506-1800

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on this date, he caused to be served copies

of the foregoing Answer upon the following counsel:

| | |
|---|---|
| David R. Woodward, Esq.<br>HEINS MILLS & OLSON, P.L.C.<br>3550 IDS Center, 80 South Eight Street<br>Minneapolis, Minnesota 55402<br>(Federal Express) | Marc H. Edelson, Esq.<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, PA 18901-4223<br>(First Class Mail) |
| Michael Hausfeld, Esq.<br>COHEN, MILSTEIN, HAUSFELD &<br>TOLL, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, DC 20005<br>(First Class Mail) | Ann D. White, Esq.<br>LAW OFFICES OF ANN D. WHITE, P.C.<br>One Pitcairn Place, Suite 2400<br>165 Township Line Road<br>Jenkintown, PA 19046 |
| Barry Barnett, Esq.<br>John W. Turner, Esq.<br>SUSMAN GODFREY LLP<br>Suite 5100, 901 Main Street<br>Dallas, TX 75202-3775 | Anthony J. Bolognese, Esq.<br>Joshua H. Grabar, Esq.<br>BOLOGNESE & ASSOCIATES, LLC<br>1617 JFK Blvd., Suite 650<br>Philadelphia, PA 19103 |
| Robert N. Kaplan, Esq.<br>KAPLAN FOX & KILSHEIMER LLP<br>805 Third Avenue, 22nd Floor<br>New York, NY 10022 | Lynn Lincoln Sarko, Esq.<br>KELLER ROHRBACK, L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 |
| Jayne A. Goldstein, Esq.<br>MAGER & GOLDSTEIN, LLP<br>1818 Market Street, Suite 1710<br>Philadelphia, PA 19103 | Ted Donner, Esq.<br>DONNER & COMPANY<br>LAW OFFICES LLC<br>203 North LaSalle Street, Suite 2100<br>Chicago, IL 60601 |
| John Peter Zavez, Esq.<br>ADKINS KELSTON & ZAVEZ, P.C.<br>90 Canal Street<br>Boston, MA 02114 | |

Dated:  August 15, 2007

_/s/ David Max_
David Max